All right. I am now going to call a case of Velasquez versus Garland. And I guess, Ms. Smallwood, do we hear from you first? Yes, Your Honor. Okay. You may proceed. May it please the court. My name is Evelyn Smallwood, and I represent Katherin Mejia-Velasquez in her petition for review of an order of the relief under the Convention Against Torture for failure to provide biometrics as required pursuant to 8 CFR section 1003.47 and of an order denying her motion to reconsider. The primary issue in this case is whether the agency's interpretation of 8 CFR section 1003.47 is entitled to our deference. The court should hold that it is not entitled to deference because it is unambiguous according to its text, structure, history, and purpose. Even if deemed ambiguous, this court should still hold that the agency's interpretation is not entitled to our deference because it is not a reasonable interpretation of the regulation, and it is not within the zone of identifiable ambiguity. Also at issue in this case is whether the IJ properly followed current agency policy when pretermitting Ms. Mejia-Velasquez's applications. And this court should hold that the IJ did not. I will proceed as follows. First, I will show that the regulation is unambiguous. So just let me ask this lead-off question. Did the IJ give her the opportunity to show good cause? He did not, Your Honor. If you look at the transcript, which is in... It's unmuted that he's required to do that, right? Yes, Your Honor. It is, according to the regulations and according to the current agency policy. So however this court decides as far as the ambiguity or reasonableness of the regulation, it still remains that the IJ did not allow respondent an opportunity to show good cause. Let me ask you the notice that the IJ gave her, which is in the appendix. It's that yellow sheet. Yes, Your Honor. The fingerprint warning. Does the government contend that was the notice? I don't want to speak for the government, Your Honor, but it's my understanding that this fingerprint warning is something that is specifically generated by this judge and provided after the government has provided the fingerprint instructions that are in the administrative record at AR-37. So AR-37 is typically the document that is used by the government. I wanted to focus on this document, the fingerprint warning. Did that cover what a notice would require generally? It is our... Your Honor, it did not. And the reasons for this is because, number one, the regulation requires that the Department of Homeland Security be the one who notify the applicant of the need to provide biometrics. DHS was supposed to provide that, and this judge provided something. It's ad hoc or whatever he's doing. But let's just... And I'll present this question also to the government. But this fingerprint notice says it was... The hearing was, I think, February 7, and was given to her at that date. And it says you have 45 days from this date to provide the fingerprints, right? Yes, Your Honor. Well, the next hearing was about 33 days or 32 days later, and that's when they threw out the case. So the next hearing, Your Honor, is in March of... Wasn't the hearing on March 12? Of 2018, Your Honor. So it was actually a year... Oh, a year. Okay, I've got that. So they did give the 45 days then. In other words, that is sufficient. And is there anything substantive in that notice that is lacking? Yes, Your Honor. So we would point out that this notice is not a biometrics notice. So it is not a document that allows the respondent to enter into the application services support center in order to provide her biometrics, which the in addition... I'm misunderstanding that. I thought the regulation says notice of biometric. Yes, Your Honor. So looking at ACMR 1003.47 at section D, it says that DHS shall notify the need to provide biometrics and other information and shall provide a biometrics notice and instructions to the respondent. Okay, let's set aside the instructions for a moment. It says and provide a biometrics notice, right? Yes. Is there anything that prescribes what has to be in that notice except just simply notice? Yes, Your Honor. So first of all, because it says notify the applicant and separately says a biometrics notice, then the regulation does separate the notice with... I'm sorry, the notification of the need with the notice. I agree with this, but I'm trying to get at the question of whether this fingerprint warning substantively advised your client of the biome... Was this a biometrics notice, even though it was given by the judge instead of DHS? You maintain that a biometrics notice means a separate piece of paper which has on it a physical notice of the date and time to have the fingerprints. Isn't that your contention? Yes, Your Honor. And that information is found in the federal register. I understand, but I want to focus on this document at page 196. Yes, Your Honor. And I want to know whether that functionally served as a biometrics notice. No, Your Honor. And the reason for that is because... And I want to know why not, if it didn't. Right. Because looking at the federal register, it says that the biometrics notice shall have the alien registration number, the receipt number, if any, the name and the form number. In addition to that, the biometrics notice, as is understood by the regulated public and is discussed often in the record by the department, is the document that allows the applicant to enter the application support center. So, if Your Honor would look at the administrative record on page... I believe... Sorry, Your Honor. On page 40, it specifically states that the applicant must have a DHS-generated biometrics notice in order to enter the ASC and get the fingerprints notice. In fact, if you look at page... the immigration judge is not sufficient to allow an applicant to enter the ASC and to provide their fingerprints. And I would also like to point out that that document does not include the good cause exception, which is necessary in order for the IJ to give proper notice. And it also is inconsistent with what the IJ states on the record. So, that notice says that it must be done within 40... The IJ and the BIA relied on the DMCP case, which basically just... it sort of eclipsed the regulation in the requirement for our written notice and instructions. And I understand that argument. I was just wondering whether the government is claiming that the notice that was given by the IJ was the notice referred to in the regulation or substantively served as that notice. The other thing... Again, Your Honor, and I don't wish to speak for the government, but it does not comply with the regulation under 1003.47, nor does it comply with our policy... Well, I didn't understand that. What provision of 47D does it not comply with? The part that says that it's the department who needs to provide the applicant with notification of the need to do biometrics, a biometrics notice, and instructions. And Your Honor, if you read further in section... Ma'am, stick with that. You keep jumping off the answer I'm asking for. I asked you, why didn't that comply? And you said it didn't comply with 47D. Now, I want to know why that notice didn't comply with 47D. Because it is not a biometrics notice. What is it? It is a... As Your Honor stated, it is an ad hoc fingerprint warning that is produced by the immigration proceedings. Now, 1003.47 does require the immigration judge... It says that he shall specify for the record when the respondent receives the biometrics notice and instructions. My next question is, did the IJ ever get confirmation that the applicant had received both the notice and the instructions? No, Your Honor. If you look... I read the record and it doesn't have it. Yes, Your Honor. So, the immigration judge repeatedly refers to the biometrics instructions, and he never refers to the respondent being given a biometrics notice. In addition, we would just point out that the text in the structure here, it shows that a biometrics notice is to be provided. And once it is provided, the judge shall state for the record that the biometrics notice has been provided. And so, those articles are important there because it indicates, as Judge Motz stated, that this is a physical document that is given to the respondent in order to allow them to provide their biometrics. Can I jump back to, I believe, Judge Motz's question at the very beginning about the individual must be given, as I understand it, the opportunity to show good cause. And I understand your argument to be that we should read opportunity to show good cause as requiring the immigration judge to specifically inquire about the issue, as opposed to having a hearing where you say, is there anything else? Like, you're in front of the judge, here's what the question is. Why is it that we read, I mean, normally we think of an opportunity to be heard as not requiring the judge to specifically inquire about, do you have an argument on this? Do you have a First Amendment argument? Do you have a Second Amendment argument? Do you have a Third Amendment argument? Do you have a Fourth Amendment argument? We don't require a judge for opportunity to be heard to run a lawyer through every possible argument that could be made. And, you know, there are several that could be made. Why do we not interpret opportunity to show good cause as a hearing where the lawyer could, if they chose, and maybe, well, should have, right, but we don't have that claim before us, but where they have the opportunity to show good cause? And why are we interpreting it to require the judge to specifically ask the lawyer about the claim? So, two things that speak to that, Your Honor. First of all, I would point out that the judge, as you stated, he did say, you know, anything else on the record, but he did not say this until after he had already pre-terminated the case. And so, at that point, it is not appropriate for an attorney to revisit a decision that the judge has already made, particularly when the question is whether or not there is anything else that he would like to address. And we would just also point out. All right. So, I mean, that's inconsistent with, you know, how practice works in front of judges, right? I mean, judges make rulings, and people are like, wait, Judge, you know, you didn't give us a chance to put on evidence, right? We wanted to call the officer on this Fourth Amendment claim. Oh, okay. You want to call the officer? Put him up, right? I mean, I'm just not sure that that gets you anywhere. What you've got to show, I think, is that, I think the key argument you've made on that point is that give opportunity to show means you must, every immigration judge must specifically ask before pre-terminating in this context, do you have a good cause argument? And now is your opportunity to show it, that it requires specification by the IJ. Yes, Your Honor. As to that point, we would just point to the general principle that immigration judges have a duty to develop the record in immigration court. And so in the context of immigration court, then yes, the immigration judge knows that the applicant has an opportunity to present good cause and to show their reason for not complying was due to the good cause exception, then the immigration judge has a duty to develop that part of the record. And if they don't, your point, as I understand the argument, is if a judge does not specifically ask the lawyer about the good cause argument, then they have not provided an opportunity to show good cause. Your Honor, I don't think that is necessarily the case. I think that looking at this specific case, that there was not an opportunity to show good cause. When you look at the transcript, the immigration judge, first of all, it appears that the government spoke outside of the presence of the respondent. Then the judge asked the immigration, I'm sorry, the department for a motion, the judge pre-terminated. And so in the context of this specific case, there was no opportunity to show good cause. And that was the immigration judge. I mean, again, I get your point if it requires specific questions, but the judge says, is that true? The answer from a good lawyer, and I'm not saying this was a good lawyer, but the answer from a good lawyer, yes, Your Honor, but we have good cause for doing that, right? I mean, that's what lawyers do in response to questions. Yes. And I don't disagree with you there, Your Honor. I would just point out that we only get to this question and to this issue if this is considered a reasonable interpretation of an unambiguous regulation, and we believe that it does not. But in addition to that, Your Honor, I would just point out that ... I'm sorry, I lost my thought. Let me just ask you one more question. Did your client receive the instructions at the hearing? Yes, Your Honor. We are not contending that she did not receive the instructions. And those, as I said, are the instructions that are found on page 37 of the record. She did not receive a written notice, and the ruling that relied on DMCP, that she was given instruction, oral notice, was sufficient, is basically your challenge. Yes, that she received notification, but she did not receive a biometrics notice. And I know my time has expired, but if I may ... One follow-up. Yes. One final question, at least for me. So we've touched a little bit in 47 about who provides the notice, and I didn't understand your argument in your brief, and I want you to point me to where I'm looking to suggest that the person who hands it is the problem. So that if it was an actual, what you describe as an actual biometric notice, the fact that it's physically handed by, in this case, Mr. Jones, whoever that was, that that violates 47, do you make that argument separate and apart from, this is not a biometrics notice? Do you understand what I'm asking? Yes, Your Honor. And so obviously, we do make that argument that this is not a biometrics notice. I get that. But in addition, just looking at the federal register, I think is where that is actually more clear, which might be why Your Honor did not ... No, no. But what I'm asking is, assume a hypothetical for me for a second. Sure. Assume the yellow piece of paper is a biometrics notice. I understand that this is not your argument. It's a hypothetical for that very reason. Assume that it is a biometrics notice for purposes of the question. Are you arguing that the fact that it was handed by the judge instead of by DHS, that that violates 47? No. I didn't understand you to be making that argument. I just wanted to make sure ... I understand the biometrics notice argument. I just want to make sure there wasn't a separate argument that it must be handed by a particular person. If I may point, Your Honor, to the federal register, it does say the DHS fingerprint notice will be hand delivered to the alien by DHS. And so the regulation does say that they will be given notification, a biometrics notice. How about if the DHS leaves a stack of those forms on the clerk's desk, and the clerk hands it to the applicant? That's okay, isn't it? Right. I mean, that argument doesn't seem to have a lot of ... It's hyper-technical, isn't it? Yes, Your Honor. And the idea is that the applicant be given a DHS- Notice. A DHS-created appointment notice that gives them the opportunity to enter an application support center. And I think that- Is a copy of one of those in the record? The DHS- So there is one of those in the record, and that is at AR 13. Sorry, I didn't mean to run that over. That is the notice that is required by the reg, you say? So it is not our contention that this is the Judge Mox pointed out. This has the date and time, which if you look in the Federal Register, the regulation doesn't require that it show the date and time. But this is the notice that the ASO currently- Stop. Stop. Oh, I'm sorry. I'm sorry. This notice, this is an appointment notice. It says on the card. Yes, Your Honor. Is that what you're contending the notice in 47D is? I want to know, do we have a copy of a 47D notice in the record? So, Your Honor, a biometrics notice- Yes. Is used interchangeably with an ASC appointment notice, with an ASC biometrics notice. How do I know that? So that is in the record. Even looking at the instruction- You know, I'm trying to follow the reg, and I'm trying to read the reg, and we're trying to determine whether to give the agency some deference on what it's doing. Yes, Your Honor. And so I'm trying to find out the reg uses the word biometrics notice. And you're telling me the biometrics notice was not given in this case. The one I pointed to was not a biometrics notice. And I'm asking you, is there a form that's called biometrics notice that should have been given? And if so, where is it? So, Your Honor, there is not, because of the way that the agency currently interprets the regulation. I'm sorry, yes, which is the problem. So, a biometrics notice is, when looking at, in the context of immigration law and appointments, and there are examples of this in the record and in the brief. For example, at footnote seven, there is a, it cites to, in the opening brief, I'm sorry, it cites to a question and answer session with the asylum office, where the asylum office continually uses the term biometrics notice and AO biometrics notice to mean an ASC appointment notice, which is what the document at 13 is titled. So, a biometrics notice for the court, for the respondents, for the department is the document that allows the applicant to enter the application service center to get her fingerprints. All right, thank you very much. We'll hear from the government. Thank you, Your Honors. May it please the court, Rachel Browning for Attorney General Garland. The record in this case confirms that the judge and DHS fulfilled their respective regulatory obligations. The IJ notified petitioner of a requirement that she be fingerprinted. The DHS provided her with a notice and written instructions for submitting her information to receive an appointment. Where is the notice? Where is the notice? And the judge warned her of the consequences for failure to comply. Can you hear me? I'm sorry? I think that... Where is the notice? So, the notice and instructions are one and the same. If you look at record at AR-37... Where is the record is that? Show me in the record. AR-37. And what it says is that in addition to filing your application and supporting documents, you must also complete the following requirements before the immigration judge can grant relief or submit the first three pages of their asylum application. A copy of their... What's called a G28, which is if they're represented by counsel. And it gives them the address to where to send those. Once the U.S. Citizenship and Immigration Services has that information, they send out the ASC appointment notice. Because every individual, every non-citizen who applies for asylum, whether they apply as a defense to removal and removal proceedings, as Petitioner did, or whether they apply permanently, goes to USCIS to... Can you hear me? Can you hear me? Yes. I think you better... If you turn down your volume, maybe you could hear us coming in better. I think you got to turn it. What? All right. Anyway, my question is... I'm looking at this document and I'm an immigration judge. My question is, this clearly is... These are instructions. Show me specifically where there's an explanation of the notice, biometrics notice, and what has to be done on that form. Okay, Your Honor. At the very top of the form, in addition to filing your application and supporting documents with the immigration court and serving a complete copy of your application with the Immigration and Customs Enforcement, you must also complete the following requirements before the immigration judge can grant relief or protection in your case. Okay, and then you go... That is the notice to provide biometrics. If you go two-thirds of the way down, or one-third, after the three items are received at the office, you will receive... It says one thing. And the second thing is an ASC notice for you and separate application center. Correct. Where does it say... It tell you about the notice that we're talking about here? The instructions are the notice. And when you consider that in conjunction... That's not... Where is a casual reader notified that he or she has to get fingerprints? On this page. At the top of the page that says, instructions for submitting certain applications in immigration court and providing biometric and biographic information to U.S. Citizenship and Immigration Services. And what the judge did, if you look at the transcript, is he said, you are required to submit fingerprints for biometrics. The DHS attorney is handing you the instructions for fulfilling this requirement. And keep in mind, petitioner was represented in this case, this says, this instructions for providing biometrics notice, and that's required by the reg. But the question is, I would think that a notice of biometrics says, because of A, B, or C, you are required to provide fingerprints in accordance with the following instructions. And somehow, and the date, and the time, and by which you have to do it. Now, that's what I think a notice would require some form. This is what I call bureaucratic instructions. I mean, I can only speak for what the government does. This is what everyone receives. Well, I understand. But the whole question in this case is whether what you're doing is in compliance with the regulation. Well, if you look at section D of the regulation, it also states that, let me find it, that whenever required by DHS, the applicant shall make arrangements with an office of DHS to provide biometrics and other biographical info. So the regulations contemplate the fact that it may be necessary for there to be an additional step. It's impracticable for a DHS attorney sitting in an immigration court to have an actual appointment notice for someone. I'm not talking about an appointment notice. Ma'am, I'm not talking about an appointment. I'm talking about a notice in compliance with regulation. And that is a notice of a requirement to provide metrics. Not the appointment, not carrying it out, not the instructions. The notice of telling the applicant she or he, in this case, she has to submit a fingerprint or to iris photographs or whatever biometrics are required by the government. Yes, Your Honor. And our argument is that the judge did that in this case. He told her, he gave her the instructions. He also said that- That complies with the first part of the regulation. He has to notify her, right? Yes, and he did that. And the second, it says DHS has to provide a notice, doesn't it? In addition to notifying- It says a notice and instructions. And instructions, right? Yes. Now, we, I guess, have a concession that the instructions were provided, although that wasn't confirmed on the record. And the judge simply said, you'll be receiving instructions or you'll be served with instructions. He said, DHS is handing you instructions. And I'd just like to point out that none of this was presented to the board in the first instance in her appeal. Her argument was never that she did not receive notice. Her argument was that the notice she received wasn't properly translated and that her prior attorney didn't explain to her what to do. And so, the board addressed those arguments and said that, in fact, if you're going to make an ineffective assistance of counsel claim, you need to do that. Otherwise, you're bound by your attorney's admissions. And she had more than one year. But the board relied on the oral notification given by the IJ. Yes, that's correct. The board did not basically eclipsed the notion that a notice had to be provided. And the implied conclusion is a notice of biometrics is different. I mean, is the same as notifying. That's the way DMCP seems to construe the regulation. And so, I think the whole issue is whether DMCP has properly construed the regulation because DMCP supports you. It was complied with. The question is, was the regulation complied with? I believe it was, Your Honor. And I just want to point out, DMCP... Can I ask a question? I'm not 100% sure I'm following. So, why don't I think about this as the yellow piece of paper that Mr. Jones, who is the DHS attorney, the judge is putting on the record, right? Mr. Jones is serving your client with biometric instructions, right? In the present tense, right? Just like we often say in court, you know, may the record reflect that I'm handing this document to the witness, right? I'm serving your client and that the yellow piece of paper doesn't need to be, but in this case satisfies that DHS is providing a notice of biometric information, a biometrics notice to the client in this particular context. Why isn't that the notice here? That might not be true in every case, but here we have an actual physical piece of paper that serves as that notice. Well, I mean, first of all, my record is black and white. I don't know what's yellow. And this particular judge, as Petitioner's counsel pointed out. But didn't they refer to it as yellow? What? Didn't the IJ refer to it as yellow sheet? Yes. I'm saying I'm just not, I don't know that it made it into the record because these are things that the petitioner takes with her. All right. So, the piece of paper, everybody knows the piece of paper we're talking about. It doesn't have to be yellow, right? It's described as yellow. I was trying to use shorthand. I mean, if it helps, I'll give you the JA site. But what I'm talking about is the piece of paper that everybody knows we're talking about when that is handed to her by the DHS attorney and the court puts on the record that you're being handed this piece of paper. Why isn't that the notice? And it might be true in a different case that notification is sufficient. But in this case, we have a physical piece of paper. It doesn't include an appointment date, but, you know, at least hypothetically, you don't need an appointment date. You just need a piece of I think it's encapsulated in all of these other things. I mean, I don't, without seeing exactly what's on the paper itself, but that in conjunction with the instructions and the judge's oral advisor. Ma'am, can you hear me? Yes. Yes. Somehow we have to figure out where I can ask the question, get my question in. But look at JA 196. And I want to hear, I want to ask you whether your position is this satisfied. This was a notice complying with the regulation or not. 196. Do you have, I'm sorry. I'm looking at the same record. I'm looking at the, there are, I think there are two, there are two records in this case for reasons that aren't totally clear to me. I'm looking at the JA. Okay. I'm sorry. I don't have the giant pendants in front of me. This is called adopted administrative record, which is a strange phenomenon. AR1. I mean, that's how I've labeled it. There's another AR. Oh, the AR2 is what I had. Okay. AR1. Let me see. Is it on 196 also? Well, I don't know what you're talking about. It's that notice, the green yellow sheet. Okay. So, in AR2, what, you're looking at 197? I'll see what it is. I want her to look at that. It doesn't go up. I don't see it. 196. 196 of AR2, the second column. Yes. It says fingerprint warning. Yep. I want your position. Oh, in AR1, it's 146. Okay. I think I have AR2, that's 1628. Yes. I mean, those are the regulatory requirements right there written. Failure by response. My question is, is it your position that that is a biometrics notice that complies with the regulation? Yes. In this case, it would be. And what is your response? It's got everything that the regulation requires. And what is your response? Again, petitioner's argument to the board was not that she didn't receive sufficient notice. It's that she didn't understand what it meant. Well, yeah. But the reasons adopted by the BIA are the problem, I think, in relying on DM. They didn't rely on this notice. The BIA did not rely on this notice, neither did the IJ. Well, the BIA looked at what DMCP requires. And first of all, I just want to point out that in alleged ambiguity in the statute, in that case, it actually found that the judge did not comply with his requirements or her requirements of providing the necessary warnings and the time frame in which petitioner had to comply. So the board was not put in the position of having to decide whether the procedures themselves were sufficient. It looked at the procedures that DHS had in place and the regulations and found them to met either of the requirements, that he didn't do what the regulations were said. And in that case, petitioner had submitted her fingerprints. The problem was that DHS had not processed them. And then the IJ faulted her for not having completed. In this case, she never even submitted. She didn't follow the instructions and contended that the reason she didn't is because they weren't translated. And she faulted her prior attorney. And again, if this were really an issue, then that is something that she should have brought to the board's attention. So DMCP, the reliance on DMCP, I think is a bit misplaced under these circumstances. Well, both the IJ and the BIA quoted three requirements to satisfy the reg. And the three requirements do not include a written notice of biometrics. And it seems to me that was what the court, the BIA, relied on. And the question now is, you're arguing that that is just a summary. It's not inconsistent with the statute, with the reg. But you're also in this case, received both the notice and instructions. And you're also arguing she didn't make the argument. Yeah. Pardon? We're arguing that she received all of the regulatory notice she was required to receive. And she had 13 months in which to figure out what to do. And so the regulation is stated mandatorily, if you do not comply, that will constitute abandonment of the application. And it puts the burden on the petitioner to fulfill these requirements, not DHS. Isn't the agency required to give her an opportunity to show good cause for failure to do this? I think the way that the regulation is worded, first it puts, it states that, pardon me, failure to comply with the biometrics requirements, and I'm reading subsection C, within the time allowed by the IJ order constitutes abandonment of the application. And then it says permissively, the language changes to permissively, the judge may dismiss unless the applicant shows that the failure was the result of good cause. Or that there was, sorry, that there was good cause for failure to do that. I don't think that as Judge Richardson suggested to point out to ask the specific question. And in fact, petitioner's counsel had the opportunity, he could have explained if there was something to explain. And I think it's very interesting if you look at the record when the judge first asked petitioner's counsel whether she had complied with the biometrics, he says, in discussing the matter with her now, it appears that she had not complied. So it's pretty clear from the record that she didn't tell her counsel that she hadn't complied, or for whatever reason, he didn't know. And whether that was the fault of prior counsel or petitioner herself, that's not in the record. So there's a pretty big gaping hole for those 13 months regarding what happened. And I don't think, so that the fault should not lie with the agency in this case. She was provided all of the notice she needed to comply. If there was any failure on the part of her prior counsel, she should have raised that to the board. And if she didn't understand, but she has not done that here. So on this record, there's no reason for the court to visit DMCP. And to the extent that the court believes that it's relevant, we would say that as the board did, that it's consistent with what the regulations require. And so in this case, the petitioner had all the notice she was due and failed to comply. And so that constitutes abandonment of her application. Can I ask you a question? Does the DHS have a formal form called Notice of Biometrics Requirement? That they supply an immigration court? I don't know. I've never seen one because it's not, it's not something that would end up in the record. I assume it's probably the case that each court handles it differently. Well, except the DHS has the responsibility of doing it under the reg. Correct. And that was done in this case. You say here the IJ did it on your behalf. No, the IJ says that, I mean, the IJ gave the oral notice and then indicated that DHS was providing the written instructions for compliance. Well, what about the notice? I'm concerned, the instructions, let's leave those aside. I'm concerned about the Notice of Biometrics Requirement. And I gather this one came from the DHS and was supplied by DHS attorney. Is Mr. Jones the attorney? I'd have to go back and double check at that hearing, I believe so. Mr. Jones is the attorney and Mr. Jones is the one that hands the piece of paper. We think it was probably created by the court, but DHS is the one that hands the paper to the client, right? As I understand it, yes. So other than the paper we have in this record, you don't have a form, a printed form with a number and so forth from DHS? No, because whatever DHS would give to petitioner, they would take with them and submit that with their application to USCIS and that goes into a different file. That doesn't answer my question, ma'am. My question is the reg requires a notice be provided. And my question is, in addition to notifying orally, so my question is, do you have a notice, a DHS form notice? No, I'm not aware of one. All right. In this case, and in most cases, the notice is in the instructions. All right. Thank you very much. Thank you. We have some rebuttal by Ms. Smallwood. My apologies, Your Honor. I would just like to point out, looking at AR 196, that this is addressed specifically by USCIS at AR 40, where it says, at least one Charlotte judge has sometimes given out this scary-looking notice telling the client to take prints within 45 days. But this is not an ASC notice. The ASC will not honor it and it has no effect. So our argument is that that is not a biometrics notice. But isn't that ASC notice, counsel? I mean, the ASC notice is the appointment notice, right? Yes. And I understood your argument. There seems to be multiple arguments. But I thought your argument earlier was that a biometrics notice must get you into a fingerprint center, right? You must be able to go get your fingerprints with it. Yes. And those fingerprints occur at the ASC, which is why ASC appointment notice, biometrics notice, are used interchangeably. And as I said, there are examples of that. But are you making a separate argument, I guess there's a separate argument. So that's one argument. I totally understand that one. Is there a separate argument that it has to be in writing, right? So imagine instead of what we have here, a hypothetical, where the DHS agent or attorney, I'm not sure it matters, like stands up and with the translator, you know, reads out, your appointment is on December the 7th at 8, 3 p.m. at this address, he reads it rather than hands a piece of paper. Would that constitute a notice? So is our view that that would constitute notification of the need to do biometrics, but it is not a biometrics notice unless it is a document, because that is what allows them to enter the ASC. And they can only do so if they have that document in hand. I don't think that argument is supported by the reg. What supports the reg is that it has two clauses. One is that the applicant has to be notified during the hearing and has to be provided a biometrics notice, to give a notice. These two distinctions imply that one is in writing and one is oral. Yes, Your Honor. Anything else? I'm sorry? Anything else? Yes, Your Honor. I would like to point out that the government claims that it would not be possible for the department to provide a biometrics notice to each individual in the court. And that is also not supported by the evidence. If Your Honors look at AR 42, that last paragraph, it talks about how previously ICE counsel would give individuals a fingerprint notice advising them to visit an ASC on a walk-in basis. So this is something that has previously been done and can be done in those hearings. And then I would also just like to point out that the document that is on page 37 is the only document that the DHS gives an applicant in court. The only document that they gave to Ms. Mejia-Velasquez. So she got instructions and she got notification, but she did not get a notice. And looking at that document, what it does is it puts this entire process... She was given a yellow sheet too. Yes. But that, as I said, that speaks to the IJ's responsibility under the regulation. And... No, the IJ doesn't have that duty. DHS... The IJ has the duty to stay on the record that a biometrics notice and instructions has been provided. Well, I understand. But a notice, the reg says the notice has to be provided by DHS. Yes, Your Honor. And the question is, why is that not true here based on the facts of this case that Mr. Jones, whose DHS was representative, hands the piece of paper to your client and the court says, on the record, Mr. Jones, otherwise known as DHS, is handing you a piece of paper that happens to be yellow and that includes all the information that is required? Like, that's what I'm trying to understand. Why is it... In fact, that sounds to me that that's exactly what the reg suggests, right? The DHS hands you the piece of paper and the court makes note on the record that I'm... You're being handed by DHS notice, biometrics notice and information and instructions. Sorry. My time has expired if I may answer the question. I think there are two specific things that speak, that answer that question. And the first one is the federal register, where it says that this will be used to get... This is a notice that is delivered to them with certain information that is used in order to give their biometrics. And what's the second one? So, I understand that argument that we should read it differently. What's the second argument? So, the second one speaks to the reasonableness of the interpretation. So, the consequences of failure to comply with the... To provide biometrics is that the application is deemed abandoned, which is very And what this process does using those biometrics instructions is that it puts the process entirely within the power of the Department of Homeland Security. So, if the Department of Homeland Security does not provide the applicant with the biometrics notice as occurred here, then she still has to be the one to face the consequences of having her application deemed abandoned. And it is not... According to regulation, the biometrics notice being provided is supposed to happen under the supervision of the immigration judge, which is the only way that that would be... That's the only way that it would be reasonable to dismiss a case as abandoned is if the IJ has confirmed that the applicant has all the tools necessary to comply with the biometrics requirements. You were reading from the federal register. Is that in the record? Yes, it was included in the 28J letter that we provided with the court. It's federal register volume 70, entitled Background and Security Investigations in Proceeding Before the Immigration Judges and the Board. Okay. Thank you very much. At this point, we would normally come down and greet counsel. You two are both quite remote. I don't know where you're speaking from, but it was... We were glad to have your arguments, and we can't shake your hands for obvious reasons, but we do appreciate your arguments, and we'll adjourn court for the morning.
judges: Paul V. Niemeyer, Diana Gribbon Motz, Julius N. Richardson